## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | **CASE NO. 14-36806** |
| **IAN J. REYNOLDS** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **CHIEF JUDGE DAVID R. JONES** |

| | | |
|---|---|---|
| **EVA S. ENGELHART, TRUSTEE OF** | § | |
| **THE CHAPTER 7 ESTATE OF IAN J.** | § | |
| **REYNOLDS** | § | |
| | § | |
| | § | |
| **vs.** | § | **ADV. NO. _____** |
| | § | |
| **F&T WATER SOLUTIONS, LLC AND** | § | |
| **MATT DUFFY** | § | |
| | § | |

### ORIGINAL COMPLAINT

**To The Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

     **NOW COMES** Eva S. Engelhart, Trustee of the Chapter 7 Estate of Ian J. Reynolds, hereinafter called Plaintiff, complaining of and about F&T Water Solutions, LLC and Matt Duffy, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.    Plaintiff Eva S. Engelhart, Trustee of the Chapter 7 Estate of Ian J. Reynolds (the "Trustee"), is the duly appointed Chapter 7 Trustee in Case No. 14-36806, *In re Ian J. Reynolds*, pending before this Honorable Court .

2.    Defendant F&T Water Solutions, LLC ("F&T") is a Florida Limited Liability Company and may be served by serving Robert B. George, its agent authorized to accept service at 301

1

West Bay St., Jacksonville, FL 32202, or wherever he may be found.

3.      Defendant Matt Duffy ("Duffy") is a citizen of the State of Illinois.  Said Defendant may be personally served with process at the following address:  479 Poplar Dr., Yorkville, IL 60560-9053, or wherever he may be found.

## JURISDICTION

4.      The action arises under and relates to the above-styled Chapter 7 bankruptcy case.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.  This proceeding involves claims arising under Chapter 5 of the United States Bankruptcy Code, such claims are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and/or (O).  This proceeding also involves claims arising under state law which, to the extent that such claims are non-core proceedings, the Court may hear pursuant to 28 U.S.C. § 157(c)(1).  Venue is appropriate in this District pursuant to 28 U.S.C.  § 1409.  The Trustee consents to the entry of a final judgment by this court if Defendants make an appearance.   If Defendants fail to appear, the Trustee respectfully requests the Court issue proposed findings of fact and conclusions of law to the District Court for entry of a final default judgment.

## FACTS

5.      On December 10, 2014, Ian J. Reynolds ("Debtor") filed for voluntary Chapter 11 bankruptcy protection.  On March 3, 2015 the case was converted to a Chapter 7 case.  On the same date, the Trustee was appointed interim Chapter 7 Trustee and, having since accepted her appointment and posted the requisite bond, is now the duly qualified Chapter 7 Trustee of this bankruptcy estate.

6.      On February 6, 2014, the Debtor made an unsecured promissory note in favor of Memorial City Bank in the original principal amount of $300,000.00.  On or about the same date,

the loan proceeds were wired to F&T Water Solutions, LLC ("F&T").

7.      At some point in time in the months leading up to the bankruptcy filing the Debtor monetized one or more whole life insurance policies owned by him and received approximately $213,000 therefrom. The proceeds of these policies were transferred by the Debtor to F&T immediately after the policy proceeds were received by the Debtor.

8.      The Debtor's bank account records indicate that on September 19, 2014, and November 12, 2014, deposits of $5,000.00 and $12,025.00, respectively, were received by the Debtor from F&T.  The exact nature of these payments to the Debtor is currently unknown.

9.      On September 29, 2016, the Trustee conducted a 2004 examination of the Debtor regarding the transactions with F&T.  During this 2004 examination, and in testimony during the extended 341 creditors meeting, the Debtor gave confusing and conflicting explanations for these transactions.  At different times he stated that the conveyance of $500,000.00 to F&T was to finance the purchase of a machine called a Variable Electrostatic Precipitator ("VEP") that was owned by the company.  The Debtor represented to Memorial City Bank in various loan documents that the loan proceeds were going to be used to purchase this piece of equipment. The Debtor was less certain, at times, that F&T actually owned or possessed the machine that it purported to sell (or not) to the Debtor.  The Debtor also gave confusing answers about whether F&T designed, assembled, sold or leased the VEP machines.  The Debtor gave conflicting statements about whether he purchased the machine or leased it from F&T.  The Debtor also stated that the $500,000.00 was to purchase only the distribution rights for the VEP machines, not to purchase one of the machines themselves.  According to the Debtor, F&T is in possession of the VEP machine that he purportedly purchased, but never received.  There were never any documents such as contracts, purchase orders or LOIs, describing these transactions or the

3

business venture between the Debtor and F&T.

10.     The Debtor also explained that at least part of the $500,000.00 was made on behalf of an individual named Matt Duffy.  Mr. Duffy had worked with the Debtor on other projects, particularly on a company called Cam Jet that purported to design and manufacture aircraft. According to the Debtor's testimony, Cam Jet paid for the design of two aircraft, though neither of the designs were fully completed.  Cam Jet never made any sales; never manufactured a single aircraft and lost money every year it was in existence.  The payment to F&T by the Debtor was to purportedly compensate Mr. Duffy for cost analysis work he had done for Cam Jet over approximately twelve years, though there was never any prior agreement, written or verbal, about any compensation for the work Mr. Duffy was doing.  Mr. Duffy provided no time sheets or invoices to substantiate any claims for payment of work he did for Cam Jet or Dr. Reynolds. The figure they arrived at, which the Debtor alternatively said was $500,000.00 then $200,000.00, was based on what the Debtor "thought…was an appropriate amount."  Mr. Duffy received no W-2 or 1099 for the money paid to F&T on his behalf.  The Debtor never received an ownership interest in any entity, any tangible property, no investment returns or any discernable value whatsoever for the conveyance of the $500,000.00 to F&T.

## CAUSES OF ACTION

**Count 1 – The Transfer to F&T Water Solutions is Recoverable under 11 U.S.C. §§ 548, 550.**

11.     The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 1.

12.     The approximately $500,000.00 transfer to F&T Water Solutions and/or Matt Duffy was a transfer of property of the Debtor made on or within two (2) years before the date of the filing of the petition made with the actual intent to hinder, delay and/or defraud existing creditors of

the Debtor.

13.     Alternatively and/or in addition thereto, the transfer to F&T and/or Matt Duffy was a transfer of the Debtor's property made on or within two (2) years before the date of the filing of the petition, whereby less than reasonably equivalent value was received in exchange for such transfer; and Debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer.

14.     Alternatively and/or in addition thereto, the transfer to F&T and/or Matt Duffy was a transfer of the Debtor's property made on or within two (2) years before the date of the filing of the petition, hereby less than reasonably equivalent value was received in exchange for such transfer; and the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonable small capital.

15.     Alternatively and/or in addition thereto, the transfer to F&T and/or Matt Duffy was a transfer of an interest in the Debtor's property made on or within two (2) years before the date of the filing of the petition, whereby less than reasonably equivalent value was received in exchange for such transfer, and Debtor intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

16.     Section 550(a)(1) of the Code provides that:

> "Except as otherwise provided in this section, to the extent that a transfer is avoided under section…547, 548… of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> > a.  the initial transferee of such transfer or the entity for whose benefit such transfer was made;…"

17.     F&T was the initial transferee with regard to the transfer to F&T.  Matt Duffy is the

5

individual for whose benefit at least part of the transfer was made.  To the extent that F&T or Matt Duffy are subsequent transferees, they are not good faith transferees.

18.     The Trustee is entitled to avoid and recover the transfer made to F&T and/or Matt Duffy under 11 U.S.C. § 548 and 550.

**Count 2 – The Transfer to F&T Water Solutions is Recoverable under Tex. Bus. & Comm. Code § 24.001 et seq.**

19.     The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 2.

20.     At the time of the transfer to F&T and/or Duffy, Debtor was subject to creditor claims beyond his ability to repay them on a timely basis.

21.     The transfer to F&T and/or Dufy was done with the actual intent to hinder, delay or defraud the creditors of Debtor.

22.     Alternatively and/or in addition thereto, the transfer to F&T and/or Duffy was done without the exchange of reasonably equivalent value while Debtor was engaged, or was about to engage, in business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

23.     Alternatively and/or in addition thereto, the transfer to F&T and/or Duffy was done without the exchange of reasonably equivalent value and Debtor intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they became due.

24.     Alternatively and/or in addition thereto, the transfer to F&T and/or Duffy was made without Debtor receiving reasonably equivalent value and while he was insolvent, or became insolvent as a result of the transfer or obligation.

25.     Alternatively and/or in addition thereto, the transfer to F&T and/or Duffy was made to an

insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

26.    The Trustee is entitled to avoid and recover the transfer to F&T and/or Duffy under Tex. Bus. & Comm. Code § 24.008.

27.    Pursuant to Tex. Bus. & Comm. Code § 24.013, the Trustee requests all reasonable attorney's fees and costs incurred in pursuit of these claims.

**Count 3 – Breach of Fiduciary Duty**

28.    The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 3.

29.    Alternatively and/or in addition to the other Counts pled herein, Plaintiff contends that Debtor had a fiduciary relationship with Defendants. The Debtor and Defendants were joint venturers in that they entered into a business relationship for the manufacture, purchase, lease and/or distribution of at least one VEP machine.  All of the parties to the joint venture had a mutual right to control the enterprise, a community interest in the outcome of the business dealings, presumption of shared profits as principals and to share losses, costs or expenses.

30.    Defendants breached their fiduciary duty to the Debtor by taking his money without returning anything of value in the form of ownership of the VEP machine or any recognizable right to sell, lease or distribute the machine or machines.

31.    Defendants' breach of fiduciary duty injured the Debtor by depriving him of the value of the money that he put into the venture, which resulted in damages in the amount of approximately $500,000.00, which is the amount he conveyed to Defendants F&T and/or Duffy.

32.    Defendants' further breached their fiduciary duty to the Debtor by failing to confer the

benefit of the joint venture to him.  Plaintiff is entitled to a judgment for all sums due to the Debtor on account of his joint venture with Defendants.

33.    Plaintiff seeks damages within the jurisdictional limits of this Court.

34.    <u>Exemplary damages.</u> Plaintiff's injury resulted from Defendants' malice, fraud, or gross negligence, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

**Count 4 – Breach of Contract**

35.    The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 4.

36.    Alternatively and/or in addition to the other Counts pled herein, Plaintiff contends that on or near the date the conveyances were made to F&T and/or Duffy, Debtor and Defendants entered into a valid and enforceable oral contract that was performable within one year. By this contract, the parties agreed that Debtor would provide approximately $500,000.00 in cash, and that Defendants would provide the VEP machine or the rights to sell, lease or distribute the VEP machines.

37.    Debtor fully performed his contractual obligations by providing the agreed amount of cash to F&T and/or Duffy.

38.    Defendants breached the contract by failing to provide the machine or any actual rights to sell, lease or distribute the machines.

39.    Defendants' breach caused injury to plaintiff, which resulted in damages of approximately $500,000.00, which is the amount Debtor conveyed to F&T and/or Duffy.

40.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

41.     Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of an oral contract. Plaintiff retained counsel, who presented plaintiff's claim to Defendants. Defendants did not tender the amount owed within 30 days of when the claim was presented.

**Count 5 – Quantum Meruit**

42.     The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 5.

43.     Alternatively and/or in addition to the other Counts pled herein, Plaintiff contends that, Defendants accepted money from Debtor without providing anything of value in return.

44.     Debtor conveyed approximately $500,000.00 in cash to Defendants.

45.     The cash was provided specifically for the Defendants to fund the joint venture centered around the VEP machine or machines.

46.     Defendants accepted the cash.

47.     Defendants had reasonable notice that Debtor expected to receive the VEP machine or real and valuable rights to manufacture, sell, lease or distribute the machine or machines.

**Count 6 – Conversion**

48.     The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 6.

49.     Alternatively and/or in addition to the other Counts pled herein, Plaintiff contends that Debtor owned the following personal property: cash in the approximate amount of $500,000.00.

50.     Defendants, who legally acquired possession of Debtor's personal property, wrongfully exercised dominion and control over the property by using it in a way that departed from the

conditions under which it was received. The money was supposed to be used to purchase a VEP machine or to fund the manufacture of such a machine or otherwise pay for the real rights to sell, lease or distribute the machines.  Debtor received none of these things.

51.      Defendants' acts amounted to a clear repudiation of plaintiff's rights. Defendants never provided the machine, or any information about it, to Debtor.  Defendants never provided any information about any of the rights that Debtor apparently purchased.  There has been no further communication or known business activity surrounding the joint venture.

52.      Defendants' wrongful acts proximately caused injury to Debtor, which resulted in the following damages: loss of approximately $500,000.00.

53.      Trustee seeks return of the converted property and damages within the jurisdictional limits of this Court.

**Count 7 – Declaratory Relief and Request for Turnover**

54.      The factual allegations set forth herein are re-alleged and incorporated herein for purposes of Count 6.

55.      Alternatively and/or in addition to the other Counts pled herein, the Trustee seeks a judgment declaring that the Debtor purchased the VEP machine from F&T and for turnover thereof.  The Trustee further requests a money judgment, and/or turnover of, any and all proceeds generated by or from the VEP machine and/or the value conferred to Defendants for the use of thereof.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Eva S. Engelhart, Trustee of the Chapter 7 Estate of Ian J. Reynolds, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the

Plaintiff against Defendants, jointly and severally, as follows:

    a.      A judgment for the Ian J. Reynolds Estate recovering the transfer to F&T Water Solutions and/or Matt Duffy;

    b.      All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

    c.      All reasonable and necessary costs incurred in pursuit of this suit;

    d.      Pre- and post-judgment interest at the maximum rate allowed by law;

    e.      Expert fees as the Court deems appropriate; and

    f.      Such other and further relief to which the Trustee may show herself entitled.

Respectfully submitted,

By: */s/ Christopher A. Stevenson*
    Christopher A. Stevenson
    Adair Myers Graves Stevenson, PLLC
    Texas Bar No. 24056381
    Southern District Bar No:  685207
    3120 Southwest Freeway, Suite 320
    Houston, Texas 77098
    Tel. (713) 522-2270
    Fax. (713) 522-3322
    cas@am-law.com
    SPECIAL COUNSEL FOR EVA S. ENGELHART, TRUSTEE OF THE CH. 7 ESTATE OF IAN J. REYNOLDS

    -and-

    */s/ Marc Douglas Myers*
    _____
    Marc Douglas Myers
    Ross, Banks, May, Cron & Cavin, P.C.
    SBN 00797133
    Southern District Bar No:  21101
    7700 San Felipe, Suite 550
    Houston, Texas 77063
    (713) 626-1200; (713) 623-6014 fax
    mmyers@rossbanks.com
    GENERAL COUNSEL FOR THE TRUSTEE